IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **JOHN KING, JR.,** and **MARGIE KING** | **PLAINTIFFS** |
| v. | CAUSE NO. 1:22cv224-LG-RPM |
| **CERTAIN UNDERWRITERS AT LLOYD'S LONDON** and **HAMILTON INSURANCE DAC** | **DEFENDANTS** |

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CLAIM FOR BAD FAITH

**BEFORE THE COURT** is the [2] Motion to Dismiss Claim for Bad Faith filed by Defendants Certain Underwriters at Lloyd's London ("Lloyd's") and Hamilton Insurance DAC ("Hamilton"). The parties have fully briefed the Motion. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Defendants' Motion to Dismiss Plaintiffs' breach of the duty of good faith and fair dealing claim should be granted.

### BACKGROUND

Plaintiffs allege that their home in Bay St. Louis, Mississippi, was damaged by Hurricane Zeta on October 28, 2020. The home was insured by a residential property insurance policy issued by Lloyd's and Hamilton. Plaintiffs allege that they submitted a Proof of Loss to Defendants in the amount of $169,238.34, but Defendants have underpaid insurance benefits under the policy by $154,083.47. Plaintiffs have attempted to assert breach of contract and breach of the duty of good faith and fair dealing claims against Defendants. In the present Fed. R. Civ. P.

12(b)(6) Motion, Defendants seek dismissal of Plaintiffs' breach of the duty of good faith and fair dealing claim.

## DISCUSSION

Federal Rule of Civil Procedure 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) challenge, a plaintiff must allege "enough facts to state a claim that is plausible on its face." *Molina-Aranda v. Black Magic Enters., L.L.C.,* 983 F.3d 779, 783-84 (5th Cir. 2020) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Lampkin v. UBS Fin. Servs., Inc.*, 925 F.3d 727, 733 (5th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In considering a motion to dismiss under Rule 12(b)(6), a court must "accept[ ] all well-pleaded facts as true and review[ ] them in the light most favorable to the plaintiff." *Sanders-Burns v. City of Plano*, 594 F.3d 366, 372 (5th Cir. 2010). "If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

Every insurance contract contains an implied covenant of good faith and fair dealing. *Univ. of S. Miss. v. Williams*, 891 So. 2d 160, 170 (Miss. 2004); *Hartford Accident & Indem. Co. v. Foster*, 528 So. 2d 255, 281 (Miss. 1988).

> Good faith is the faithfulness of an agreed purpose between two parties, a purpose which is consistent with justified expectations of the other party. The breach of good faith is bad faith characterized by some conduct which violates standards of decency, fairness, or reasonableness. Bad faith, in turn, requires a showing of more than bad judgment or negligence; rather, bad faith implies some conscious wrongdoing because of dishonest purpose or moral obliquity.

*Id.* at 170-71. A disagreement between an insurer and its insured over the value of a claim generally does not support a bad faith claim against the insurer. *Dey v. State Farm Mut. Auto. Ins. Co.*, 789 F.3d 629, 634 (5th Cir. 2015) (citing *Cossitt v. Alfa Ins. Corp.*, 726 So. 2d 132, 139 (Miss. 1998) (holding that a pocketbook dispute is not grounds for a bad faith claim under Mississippi law).

In their Complaint, Plaintiffs have not stated any facts supporting a finding of bad faith on the part of Defendants. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) ("Nor does a complaint suffice if it tenders naked assertions devoid of 'further factual enhancement.'"). Plaintiffs merely allege a dispute between Plaintiffs and Defendants as to the value of their insurance claim. Plaintiffs do not appear to dispute these deficiencies in their Complaint, but they ask the Court to defer ruling on the question of whether they have stated a bad faith claim until after the parties have had an opportunity to conduct discovery.

"Rule 12(b)(6) motion tests the sufficiency of the pleadings, not the merits of the case." *George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022). Consideration

of 12(b)(6) motions is generally prohibited limited to the Complaint. *Id.* As a result, responses to discovery requests are irrelevant to a Rule 12(b)(6) determination. *Suri Holdings, L.L.C. v. Argent Mortg. Co., L.L.C.*, No. 21-20137, 2021 WL 5985320, at *2 (5th Cir. Dec. 16, 2021); *see also Ramirez v. Guadarrama*, 2 F.4th 506, 513 (5th Cir. 2021) (Oldham, J., concurring) ("[A]ll plaintiffs—even those who want to go fishing in discovery—must plausibly plead every element of their claim to withstand Rule 12(b)(6)."). Given that no documents outside the pleadings have been presented to the Court, there is also no basis for converting Defendants' Rule 12(b)(6) Motion to a motion for summary judgment; thus, the Court cannot grant a stay for discovery pursuant to Fed. R. Civ. P. 56(d). For these reasons, Plaintiffs' request for a stay while they conduct discovery is not well taken, and Defendants' Motion to Dismiss Plaintiffs' claim for breach of the duty of good faith and fair dealing must be granted.

In the alternative, "Plaintiffs request that[,] should the Court choose to dismiss the claims at this time[,] any order entered shall indicate the dismissal is without prejudice." (Pls.' Resp. Mem. at 2, ECF No. 7). The Fifth Circuit has held that "the district court is best situated to determine when plaintiffs have had sufficient opportunity to state their best case." *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 215 n.34 (5th Cir. 2009). For this reason, the decision whether to grant a motion to dismiss with or without prejudice is left to the district court's discretion. *See id.* Plaintiffs have not previously amended their Complaint, and there is no indication that it would be futile for Plaintiffs to attempt to amend their Complaint

in the future. As a result, the Court finds that Plaintiffs' bad faith claim should be dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that [2] Motion to Dismiss Claim for Bad Faith filed by Defendants Certain Underwriters at Lloyd's London and Hamilton Insurance DAC is **GRANTED**. Plaintiffs' claim for breach of the duty of good faith and fair dealing claim is hereby **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 1st day of November, 2022.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE